Gould, J.
In regard to what has been called the negli. gence of railroad companies, in not providing safe axles for their cars, the only case in our own courts which professes to fix any rule, is that of Hegeman v. The Western Railroad Corporation (3 Kern., 9). The result of that case held, in substance, that the Company was responsible, both for the manufacturer’s possessing the requisite skill, and for his actual exercise of that skill in each particular axle—the judgment in that case being against the Company for negligence, in not having discovered a flaw in the axle, which could not have been discovered by any known trial after the axle came into the Company’s possession, but which might have been discovered by a process of bending, before it left the hands of the manufacturer.
But in that case the charge to the jury, at the circuit, held that, “in making the careful examination required by law, before the train started, the Company was not guilty of negligence, if it made all the examination which human skill and foresight could make without taking the machinery to pieces.” And in this court, the prevailing opinion says the Company “ is bound to use all precautions, as far as human care and foresight will go, for the safety of the passengers.”
In the case before us, so far as the defect in the axle (the hidden crack) is concerned, it is clearly, and without any contradiction, proved that it was absolutely out of the reach of discovery by any practicable examination of the axle, unless by taking off the wheel, with great difficulty and labor; that is, “ taking the machinery to pieces.” Tried by the Hegeman case, it would seem that this defendant could not be responsible for an injury caused, as the one sued for seems to have been, by that defect; as it is positively testified “that it *96 •would not be safe to run at all an axle cracked as this was” found to have been on examination after the accident.
There has, however, always been something unsatisfactory in the decision of the Hegeman case, arising from the difficulty in finding anything to call negligence in the acts of the Company as there proved; and we can probably place the result of that case on a surer and more satisfactory ground, as well as fix a test of much easier application, by referring to another case. In Sharp v. Grey (9 Bing., 457; S. C., 2 M. & Scott, 621), the proprietor of a stage coach was sued for injuring a passenger by the overturning of his coach from the breaking of an axle. The axle was of iron, secured and strengthened by parallel wooden strips screwed on and around it; and before starting it was carefully examined, and showed no flaw. After the accident, it was examined, and it then appeared that it had been cracked for some time, but the crack was in such a place that it was not possible for any strictness of examination to find it, without taking off the wooden strips, the frequent taking off of which would have injured the axle, and rendered it less safe than it would be if those pieces of wood were left undisturbed.
Yet in that case a verdict of £500 was rendered against the defendant, and the court in banc refused to set it aside; holding, unanimously, (not that the defendant was guilty of any. negligence, but) that he must be held accountable, in every ^ event, to furnish a road-worthy coach; and that, if the event proved it not to have been so, he must suffer the consequences. And though this may seem a hard rule, it is probably the best that can be laid down; since it is plain and of easy application, and, when once established, is distinct notice to all parties of their duties and liabilities. And, practically, it will be likely to work no more' burdensome results to carriers of passengers than to leave them, with an uncertain criterion of responsibility, to the trouble and expense of strongly litigated contests before juries.
The judgment of the Supreme Court should be affirmed, notwithstanding there may, in strictness, have been an error *97 in the refusal to charge (as requested), that the defendant was not bound to take off the wheel and examine the axle; since, by the rule now laid down, so charging would be entirely immaterial to the result.
All the judges concurring,
Judgment affirmed..